No. 3002

Second Circuit

---

WHITMEYER
v.
LIBERTY INDUSTRIAL LIFE
INSURANCE CO.

---

(November 10, 1927. Opinion and Decree.)
(December 21, 1927. Rehearing Refused.)
(May 7, 1928. Affirmed by Supreme Court on Writ of Certiorari and Review.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Insurance—Par. 177.** Under Act No. 227 of 1916 amending Act 52 of 1906 where no copy of any representations of insured were attached to the policy, alleged fraudulent representations as to age of insured cannot be proven.

2. **Louisiana Digest—Insurance—Par. 160.** Beneficiary under life insurance policy cannot recover penalty nor attorney's fees for failure of insurer to pay promptly.

Appeal from the First Judicial District Court, Parish of Caddo. Hon. E. P. Mills, Judge.

Action by Carrie W. Whitmeyer against Liberty Industrial Life Insurance Company.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

John G. Gibbs, of Shreveport, attorney for plaintiff, appellant.

Robert P. Hunter, of Shreveport, attorney for defendant, appellee.

REYNOLDS, J. The plaintiff, Carrie Whitmeyer, beneficiary under a policy issued by the defendant, Liberty Industrial Life Insurance Company, on the life of John Whitmeyer, brought this action to recover judgment for the amount agreed to be paid under the policy on the death of the insured, and penalties, alleged to have been attorney's fees incurred by plaintiff.

The defendant pleaded the policy was void under a general provision of the policy which declared that:

"The company's established rates provide for coverage for lives aged from eleven to fifty next birthday, and no policy shall be valid unless the age of the insured at the time of the issuance was comprised between the limits stated.

Should, on account of misstatement of age, a policy have been issued on a life aged less than eleven years or more than fifty years next birthday, such policy shall be null and void and all premiums paid thereon shall be forfeited to the company."

And, further, that the insured, at the date of the policy, was above the age of fifty years, and that in obtaining the policy or contract he had practiced a fraud upon the rights of the company and violated one of the main considerations and warranties of the said contract, of which the company did not have any notice until after the death of the insured.

On trial evidence was admitted, over objection of the plaintiff, to establish that the insured was over the age of fifty years at the time the policy was issued and that he had represented himself to be under that age at the time the policy was written.

The statute (Act No. 227 of 1916, amending and re-enacting Act No. 52 of 1906) provides:

"That every policy of insurance issued or delivered within the state on or after the first day of January, nineteen hundred and seven, by any life insurance corporation doing business within the state, shall contain the entire contract between the parties and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application or other writing, unless the same are endorsed upon or attached to the policy when issued; and all statements purporting to have been made by the insured shall, in the absence of fraud, be deemed representations and not warranties, *and no statement or statements not indorsed upon or attached to the policy when issued, shall be used in defence of a claim under the policy unless contained in a written application, and unless a copy of such statement or statements be endorsed or attached to the policy when written. Any waiver of this section shall be void.*" (Italics ours.)

The policy did not have attached thereto any copy of a written application purporting to have been made by the insured or by anyone else although the policy declares that the age of the insured at next birthday would be forty-nine years; and the objection to the evidence to show that the insured was above the age of fifty years was based upon the fact that there was not attached to the policy any copy of a statement purporting to have been made by the insured.

We are of the opinion that the evidence was not admissible under the plain terms of the statute in order to show that the insured had made any fraudulent representations as to his age; as there was not any copy of a statement purporting to have been made by the insured attached to the policy, and in order to show the fraud or misrepresentation it was necessary first to prove the representations made, which could not be done in view of the fact that the representations could not be proven as there was not a copy of any representations attached to the policy. (Fisette vs. Mutual Life Ins. Co., 162 La. 619, 110 So. 880.) Even though fraud was charged, when it is apparent, as in the present instance, that the fraud charged (which, by the way, was not proven, as the evidence shows that the policy was written on application by the agent, and that the insured vas not even present) does not relate in any manner to representations which could have prevented the insurer from attaching to the policy a copy of the representations which might have been made by the insured.

It is, however, apparently contended that in view of the fact that the policy contained the general provision herein-

above quoted, relative to the age of persons on whom the company would accept a risk, and the policy showing that it was written on the life of the insured at an age within the limits, that the evidence was properly admitted to show that the insured was above the age at which the company would accept the risk without regard to the question of fraud.

The general rule quoted is not alleged to be a limitation established by the constitution or by-laws of the company on the powers of its officers; neither is there any plea that the contract was ultra vires, and it appears that the powers of the officers were not limited by such cause, as, after stating the general policy of the company relative to accepting risks, it is declared that where a risk is accepted on a person without the limits, and where the policy was issued on the misrepresentation of age, the policy shall be null and void and the premiums paid shall be forfeited to the company; and from this point of view we think the statute quoted (Act No. 227 of 1916) is controlling, and the evidence was not admissible to invalidate the contract.

The policy provides that if the insured shall die within twelve calendar months from the date of the policy, that one-half of the policy would be paid; and the evidence showing that the death of the insured occurred within that period, the beneficiary can recover only one-half of the face of the policy, or two hundred and fifty dollars; and as there is not any law fixing a penalty on the company for failure to pay promptly (Brown vs. Casualty Co., 161 La. 229, 108 So. 464), she cannot recover for attorney's fees.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that plaintiff, Carrie Whitmeyer, have and recover judgment against defendant, Liberty Industrial Life Insurance Company, in the sum of two hundred and fifty dollars, with legal interest from judicial demand, and all costs of suit.