290 So.2d 460 (1974)
Pete TINGLE, Plaintiff-Appellant,
v.
GLOBE LIFE INSURANCE COMPANY, Defendant-Appellee.
No. 12227.
Court of Appeal of Louisiana, Second Circuit.
February 12, 1974.
Bethard & Bethard, by Henry W. Bethard, III, Coushatta, for plaintiff-appellant.
Gahagan & Kelly by Russell E. Gahagan, Natchitoches, for defendant-appellee.
Before BOLIN, PRICE and HALL, JJ.
*461 BOLIN, Judge.
Plaintiff appeals from judgment in favor of defendant rejecting plaintiff's demands for the amount allegedly due plaintiff under a hospitalization policy issued by defendant, plus penalties and attorney's fees. We reverse the ruling of the lower court and render judgment in favor of plaintiff for $299.97 plus penalties and attorney's fees.
Several months prior to the effective date of the insurance policy here involved Tingle had signed a written agreement not to purchase or to accept any insurance coverage from defendant company. The primary issue on appeal is whether this instrument, which was not attached to the policy, barred plaintiff's recovery under the subsequently issued policy. The case was tried upon the pleadings and an agreed stipulation of facts.
Plaintiff was the owner of and the insured under a hospital indemnity policy issued by Globe Life Insurance on October 18, 1971. During the month of September, 1972, when all premiums due by plaintiff to defendant under the policy had admittedly been paid, plaintiff was confined in the L'Herisson-Hanna Clinic and Hospital at Coushatta for a total of nine days. While it was originally contended that the institution in which plaintiff was treated was not a hospital, as defined by the insurance policy, this defense is not urged on appeal and has apparently been abandoned.
Proofs of loss were timely submitted by plaintiff to defendant more than thirty days prior to filing this suit, but defendant refused to pay the claim. After notification by plaintiff of its default and possible liability for penalties and attorney's fees, the defendant continued its refusal to make payments under the policy. This suit was then filed.
It is stipulated that, in the event plaintiff is entitled to recover, the basic amount of such recovery should be $299.97.
Defendant's reasons for refusing payment, as set forth in its answer, were that it had previously issued a hospital indemnity policy to plaintiff on December 2, 1969; that plaintiff had filed numerous claims under that policy, which claims were finally settled on May 31, 1971; that at the time of the settlement by bank draft for $766.67 plaintiff signed the following "release" on the back of the draft:
"I, Selma Pete Tingle, do hereby accept and acknowledge the sum of $766.67, as representing full and final settlement of any and all claims, known and unknown, past, present, future, under Policy No. 410-269-001111; and do hereby release and forever discharge the GLOBE LIFE INSURANCE COMPANY from any and all further obligations under this policy. I also do hereby voluntarily surrender Policy No. 410-269-001111, for immediate and permanent termination, as part of this settlement agreement; and further agree not to apply for, purchase, or accept any insurance coverage of any type with the GLOBE LIFE INSURANCE COMPANY in the future, since future coverage would not be valid and any and all premiums paid would be returned."
Defendant tendered to plaintiff the sum of $75.25 representing all of the premiums paid by plaintiff under the last policy, in compliance with the written agreement signed by plaintiff on May 31, 1971, but the tender was not accepted.
The agreement dated May 31, 1971, was filed in evidence by defendant subject to plaintiff's objections that the policy sued on was the complete contract between the parties and no other agreement could be introduced to change or affect the validity of the contract.
In his written reasons for rejecting plaintiff's demands the trial judge concluded that the agreement signed by plaintiff on May 31, 1971, was admissible in evidence since it was not an application and Louisiana Revised Statutes 22:618 and *462 22:619 were not applicable. We agree that these two sections of the statutes have no application since they apply only to matters contained in an application for insurance, particularly the pertinent portion of Section 618(A) which provides:
"No application for the issuance of any insurance policy or contract shall be admissible in evidence in any action relative to such policy or contract, unless a correct copy of the application was attached to or otherwise made a part of the policy, or contract, when issued and delivered."
The law controlling the issue before us is contained in Louisiana Revised Statutes 22:628:
"No agreement in conflict with, modifying, or extending the coverage of any contract of insurance shall be valid unless in writing and made a part of the policy. This Section shall not apply to the contracts as provided in Part XV of this Chapter." [Part XV relates to fire insurance policies.]
The contract of insurance issued by Globe to plaintiff contains the following provision, which is mandatory under Louisiana Revised Statute 22:213:
"ENTIRE CONTRACT; CHANGES: This policy, including the endorsements and the attached papers, if any, constitutes the entire contract of insurance. No change in this policy shall be valid until approved by an executive officer of the Company and unless such approval be endorsed hereon or attached hereto. No agent has authority to change this policy or to waive any of its provisions."
Under the plain and unambiguous terms of the insurance contract, as well as La.R. S. 22:628, the agreement was invalid and should not have been admitted in evidence nor considered in interpreting the insurance contract. Since appellant has asserted no other grounds upon which the policy could be found invalid, we find plaintiff clearly is entitled to recover the sum of $299.97 for hospital expenses.
Plaintiff reurges on appeal his entitlement to penalties and attorney's fees pursuant to Louisiana Revised Statutes 22:657(A):
"All claims arising under the terms of health and accident contracts issued in this state, except as provided in Subsection B, shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney's fees to be determined by the court. The district court of the parish where the insured lives or has his domicile shall have jurisdiction to try such cases." (Emphasis added)
Defendant argues that its refusal to pay was not unreasonable because the question of whether the agreement of May 31, 1971 was binding on plaintiff presents a substantial legal issue which is res nova in Louisiana. This same argument, regarding a provision in the insurance contract, was made in Thomas v. Universal Life Insurance Co. (La.App. 3d Cir. 1967), 201 So.2d 529, and Niles v. American Bankers Insurance Co. (La.App. 3d Cir. 1969), 229 So.2d 435 (writs refused 255 La. 479, 231 So.2d 394).
*463 The court, in Thomas, cited numerous authorities and held an insurer must take the risk of misinterpreting its own policy. In Niles, a case also involving the interpretation of a policy provision by the insurer, defendant contended that the legal issue was res nova and, as a consequence, it was not unreasonable in refusing to pay plaintiff's claim before the matter could be litigated. Relying on Seguin v. Continental Service Life & Health Insurance Co., 230 La. 533, 89 So.2d 113, 55 A.L.R.2d 1014 (1956), the court concluded an insurer must file a test case at its own expense to obtain a judicial interpretation of a provision of its policy. If it undertook to deny liability in order to ascertain the meaning of a provision it assumed the risk, including the payment of penalties and attorney's fees.
The instant case is even stronger than the cited cases because here defendant is contending that the legal significance of an agreement signed by the insured prior to the issuance of the policy, and not attached thereto, has never been decided by our courts. As previously stated, the insurance contract itself provides such an agreement is ineffective, since the policy, including endorsements and the attached papers, constitutes the "entire contract".
We conclude plaintiff is entitled to penalties and attorney's fees under La.R.S. 22:657(A). Under this statute plaintiff is entitled to a penalty of double the amount of the health and accident benefits due him under the terms of the policy, i. e., $299.97. He is also entitled to reasonable attorney's fees for which he claimed $750. We conclude this amount is excessive and that an award of $500 would be adequate compensation to the attorney herein.
For the reasons assigned the judgment of the lower court is reversed and set aside and it is now ordered that there be judgment in favor of Pete Tingle and against Globe Life Insurance Company for $1099.94, together with 7% interest thereon from date of judicial demand until paid, and all costs including the cost of this appeal.