338 So.2d 138 (1976)
Ronald D. CASON, Plaintiff-Appellee,
v.
PAN-AMERICAN LIFE INSURANCE COMPANY, Defendant-Appellant.
No. 12998.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1976.
*139 Watson, Murchison, Crews & Arthur, by R. Raymond Arthur, Natchitoches, for defendant-appellant.
Bethard & Davis, by Henry W. Bethard, III, Coushatta, for plaintiff-appellee.
Before BOLIN, MARVIN and JONES, JJ.
BOLIN, Judge.
Pan-American Insurance Company refused to pay Ronald D. Cason, insured, benefits under a health and accident policy and Cason sued. Pan-American disclaimed liability on the grounds plaintiff made material misrepresentations when he failed to disclose, in answer to a question in the policy application, that he had four other hospital policies in addition to the one he named; that the answer was made with the actual intent to deceive; and that had the question been answered fully and truthfully the company would not have issued the policy. The lower court found defendant had failed to prove plaintiff intentionally made material misrepresentations with intent to deceive and gave judgment in favor of plaintiff for the amount of the demand plus penalties and attorney fees. Defendant appeals and we affirm.
The issue on appeal is the correctness of the trial judge's finding that plaintiff made no material misrepresentations and that defendant had no just and reasonable grounds for refusing to timely pay benefits under its policy.
Question number six in the application for insurance was: "What major medical, hospital or surgical insurance is in force on you or dependents . . .?" To this question the insured answered: "Teamsters Local 568 (Wolf Baking Co.)." The square directly adjacent to the answer reads, "Hospital Benefits" and is checked to indicate the type policy.
The parties have opposed versions of what was said at the time the company's agent went to plaintiff's home to sell the policy. Cason testified the agent, in filling out the application form, asked him question number six and he told the agent about the policy with his employer, Wolf Baking Company. He also said he told the agent he had four other "cash" policies which he described as policies which would pay him stated amounts for each day that either he or his wife was hospitalized. He said the agent elected not to name these other policies. Plaintiff testified the four policies were advertised as cash policies designed to make up for lost income and that he purchased them for this protection since his income ceased when he was unable to work; that the Pan-American and the group policy with his employer were intended to cover hospital expenses.
The general agent for Pan-American testified there was a company practice that agents were not to sell policies which, when combined with other policies held by a prospective insured, would yield hospital room benefits exceeding $75 per day; that this practice was not made known to prospective purchasers but was instilled in the agents; that the agent who sold this policy knew and observed this practice; that had the agent known of plaintiff's other policies he would not have sold plaintiff the Pan-American policy because Cason's combined coverage would have been in excess of $75 per day. The agent who sold the policy corroborated this testimony and denied Cason told him about the other policies. However, he admitted plaintiff was never told of the company practice of limiting sales of hospital policies.
Louisiana Revised Statutes 22:619 provides:
A. Except as provided in Sub-section B of this Section and R.S. 22:692, no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or avoid the contract or prevent it attaching, *140 unless the misrepresentation or warranty is made with the intent to deceive. B. In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer. (Emphasis supplied)
The lower court, without deciding which of the two versions was correct, found Pan-American failed to prove Cason made any misrepresentations in his application because question number six is subject to being correctly answered two ways according to an individual's understanding of the term "hospital insurance". We agree with this conclusion. In view of this ambiguity the applicable rule is that when a policy term admits of two interpretations, the one sustaining the claim for indemnity will be adopted. Rambin v. Continental Casualty Co., 186 So.2d 861 (La.App.2d Cir., 1966).
Defendant urges, in view of Cason's admission he had numerous other policies under which claims had been made and paid, plaintiff must have known his representation that he had only one other hospital policy was false and "materially affected either the acceptance of the risk or the hazard assumed by the insurer." (La.R.S. 22:619 B). We find this position untenable since it was shown plaintiff had no knowledge of defendant's practice of setting a $75 a day ceiling on recoverable policy benefits. Nothing in the application nor in the policy would alert a prospective purchaser that the answer to this question is considered by the company material to the risk. Cases cited by defendant deal with misrepresentations of applicant's physical condition or health history and are inapplicable to the issue before us.
Defendant contends the lower court erred in awarding benefits for Mrs. Cason's illness from April 28, 1975 to May 6, 1975, since no proof of claim for that illness had been received. A review of the facts shows plaintiff filed proofs of claim in December, 1974 for illnesses and hospitalizations for both Cason and his wife in that month. These claims were unpaid and on April 2, 1975, defendant wrote plaintiff's attorney declaring the policy was null and void and the premiums were being refunded. Under these circumstances it was unnecessary for plaintiff to submit a claim for Mrs. Cason's April illness prior to suit, which was filed May 28, 1975.
The remaining issue is plaintiff's entitlement to penalties and attorney fees under Louisiana Revised Statutes 22:657(A), which provides that all claims under a health and accident policy shall be paid within thirty days from receipt of proof of claim, unless the insurer has just and reasonable grounds for refusing to pay the claim. Defendant claims it had reasonable grounds for refusing to pay plaintiff's claim within the required thirty days; that the lower court erred in holding that defendant "improperly interpreted its own application"; that the insurance company was justified in refusing to pay benefits when it learned and established the fact that plaintiff had four or more other policies in effect at the same time.
The proofs of claim for two of the three illnesses were filled out by the attending physician on Pan-American's claim form in December 1974. On March 25, 1975 plaintiff's attorney advised defendant the claims had not been paid within the thirty-day period provided by Louisiana law and no reason had been given for this failure. The attorney also advised defendant this failure subjected defendant to penalties under the law. On April 2, 1975, more than three months after receipt of proofs of claim, defendant wrote plaintiff's attorney declaring the policy null and void and tendering a refund of premiums.
It is apparent defendant had no information upon which to base its refusal to pay *141 the claims until long after the expiration of the thirty-day period provided in La.R.S. 22:657(A). Consequently the company had no "just and reasonable" cause for refusing to pay the December claims within thirty days from receipt of proofs. When defendant undertook to determine the legal effect of plaintiff's answer to question number six in the application form and declared the policy null and void, it took the risk of having a contrary judicial interpretation of the facts and the consequent imposition of penalties and attorney's fees. Tingle v. Globe Life Insurance Co., 290 So.2d 460 (La.App.2d Cir., 1974), and cases cited. The lower court was correct in casting defendant with penalties and attorney's fees.
The judgment is affirmed at appellant's cost.