352 So.2d 308 (1977)
Mrs. Elaine Morlas ORY
v.
LOUISIANA AND SOUTHERN LIFE INSURANCE COMPANY.
No. 7917.
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 1977.
*309 Gamble & Gamble, Harry P. Gamble, III, New Orleans, for plaintiff-appellant.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John C. Combe, Jr., New Orleans, for defendant-appellee.
Before SAMUEL, SCHOTT and BEER, JJ.
SAMUEL, Judge.
Plaintiff filed this suit to recover life insurance benefits in the sum of $20,000 under a group policy issued to her deceased husband by the defendant, Louisiana and Southern Life Insurance Company. Following trial on the merits, judgment was rendered in favor of the defendant, dismissing the suit. Plaintiff has appealed.
The facts are not in dispute. Mr. Ory was president of Marshland Flight, Inc., the group to which the policy was issued on May 1, 1970. He became totally disabled following a cancer operation on January 18, 1972, at which time the policy was in full force and effect. As of that date his active employment terminated. On April 7, 1972 the corporation was adjudicated a bankrupt. When defendant became aware of the bankruptcy,[1] it terminated the policy, effective April 30, 1972, the date to which premiums had been paid. Mr. Ory died June 15, 1972.
Sometime prior to April 13, 1972, Mr. Ory had submitted an application for waiver of premium which was denied by the insurer on May 4, 1972 for the reason that there were no life insurance benefits for which waiver could be granted inasmuch as all life insurance benefits automatically ceased from the date of the termination of the policy. The defendant continued to honor medical benefit payments due under the disability provisions of the policy, but it refused to honor the claim in suit for life insurance benefits.
At issue are these two provisions contained in the master policy:

"WAIVER OF PREMIUM BECAUSE OF TOTAL DISABILITY
If, while this policy is in force, due proof is furnished to the Company
(1) that any person, while insured hereunder and prior to his sixtieth birthday, became so disabled as a result of bodily injury or disease that he was wholly prevented thereby from engaging in any business or occupation and from performing any and all work for compensation or profit, which condition is referred to herein as `total disability',
(2) that the insurance hereunder of such person terminated while he was so disabled,
(3) that such disability was continuous from the date of such termination of insurance to the date of death of such person, and
(4) that such death occurred within a period dating from such termination of insurance not longer than the time that such person's insurance had been continuously in force at the date of such termination of insurance, but in no event longer than one year,
then the Company shall pay as a claim under this policy, the amount of life insurance applicable to such person according to the plan of insurance set forth herein, provided said proof is received at the Home Office of the Company (the Home Office address of the Company is shown on the face page) within one year after such date of death, unless claim is otherwise established hereunder because of death occurring within thirtyone days following termination of insurance."

"TERMINATION OF GROUP LIFE INSURANCE
The Group Life Insurance of any person hereunder shall cease at the end of the insurance period for which contribution was last made if his employment or membership in the classes eligible for insurance hereunder terminates, or if the provisions of the Policy for his insurance terminate, or (if he is required to contribute toward the cost of his insurance) if he fails to make any contribution when off.
Cessation of active work in the eligible classes will be deemed to constitute termination of employment. However, the Policyholder, acting on a basis precluding individual selection, may consider any person who is disabled, granted leave of absence, temporarily laid off, or retired as still *310 employed in the eligible classes until the Policyholder terminates the insurance of such person by notifying the Company to that effect or by discontinuing premium payments on account of his insurance, provided, that the employment of any person in the eligible classes shall not be deemed to continue for longer than three months following the date on which he begins a leave of absence or is temporarily laid off, nor for longer than twelve months following the date on which absence on account of disability commences.
In any event, all insurance hereunder shall automatically cease on the date of the termination of this policy." (Emphasis ours).
The defendant was furnished with proof of disability when Mr. Ory submitted his application for Waiver of Premiums on April 13, 1972, while the policy was in effect. In addition, the other four other requirements of the "WAIVER OF PREMIUM BECAUSE OF TOTAL DISABILITY" were met. As to (1), it is clear the decedent became totally disabled as defined in the provision as a result of bodily disease following his cancer operation on January 18, 1972 during the time his insurance was in effect and, as stipulated, prior to his sixtieth birthday. As to (2), the insurance terminated while the decedent was so disabled. As to (3), the disability was continuous from the date of such termination to the date of death. And finally, as to (4), the death occurred within a period dating from the April 30, 1972 termination of insurance not longer than the time Mr. Ory's insurance had been continuously in force at the date of such termination and within less than one year of that termination. Thus, the defendant was obligated to pay the life insurance benefits under that portion of the above quoted provision following the four numbered requirements which reads "then the Company shall pay as a claim under this policy, the amount of life insurance applicable to such person according to the plan of insurance set forth herein, . . ." (emphasis ours).[2]
The underscored sentence appearing at the end of the above quoted "TERMINATION OF GROUP LIFE INSURANCE", which provides that all insurance automatically ceases on the termination of the policy, thus conflicts with the discussed wording of the "WAIVER OF PREMIUM BECAUSE OF TOTAL DISABILITY". However, it is a well established rule in Louisiana law that a policy of insurance is a contract between the insurer and the insured, and is to be enforced in accordance with its terms where such terms are clear and unambiguous. Such a contract is not to be given a strained, forced or unreasonable interpretation, but a fair, reasonable and sensible construction compatible with the apparent object and plain intention of the parties as expressed in words of the agreement.[3]
It is equally well settled that any ambiguity in the contract is to be resolved against the insurer and in favor of the insured and when a policy admits of two interpretations the claim for the one sustaining indemnity will be adopted.[4]
Furthermore, where the insurance contract is drawn exclusively by the insurer without participation of an insured, any possibility of doubt in interpretation thereof must be construed in favor of coverage.[5]
*311 For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of plaintiff, Mrs. Elaine Morlas Ory, and against the defendant, Louisiana and Southern Life Insurance Company, in the full sum of $20,000, together with legal interest from date of judicial demand until paid. All costs in both courts are to be paid by defendant-appellee.
REVERSED.
NOTES
[1] Defendant learned of the bankruptcy from a former Marshland employee who was inquiring about his own benefits.
[2] We are aware of Walker v. Fidelity Bankers Life Insurance Company, La.App., 302 So.2d 397, but in that case the policy provision simply was to keep the life insurance in force without payment of premiums while in this case the commitment is to pay the claim.
[3] Hobbs v. Fireman's Fund Am. Ins. Companies, La.App., 339 So.2d 28; Nunn v. Hanover Insurance Company, La.App., 305 So.2d 676; Maggio v. Manchester Insurance Co., La.App., 292 So.2d 255; Corkern v. Main Insurance Company, Chicago, III., La.App., 268 So.2d 138.
[4] Kendrick v. Mason, 234 La. 271, 99 So.2d 108; Albritton v. Fireman's Fund Ins. Co., 224 La. 522, 70 So.2d 111; Cason v. Pan-American Life Ins. Co., La.App., 338 So.2d 138; Graham v. Maryland Casualty Co., La.App., 230 So.2d 264.
[5] O'Donovan v. Bankers Life & Casualty Company, La.App., 305 So.2d 643; Phillip Rosamond Drilling Co., Inc. v. St. Paul F. & M. I. Co., La.App., 305 So.2d 630.