386 So.2d 1076 (1980)
Fred WANNAGE, Plaintiff-Appellant,
v.
EMPLOYER'S[1] INSURANCE OF WAUSAU et al., Defendants-Appellees.
No. 7740.
Court of Appeal of Louisiana, Third Circuit.
July 30, 1980.
*1077 Baggett, McCall, Singleton, Ranier & Ieyoub, Homer C. Singleton, Jr., Lake Charles, for plaintiff-appellant.
Mouton, Roy, Carmouche, Bivens & Hill, Harmon F. Roy, Andrus & Preis, Edwin G. Preis, Jr., Lafayette, for defendants-appellees.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
CUTRER, Judge.
This is a suit for damages due to personal injuries by Fred Wannage against Employers Insurance of Wausau (Employers) alleged to be the insurer of certain employees who were executive officers of Conalco, Inc. Plaintiff has appealed the trial court granting Employers' motion for summary judgment. We affirm.
Plaintiff alleges that he was injured in a work-related accident on June 22, 1975 while employed at Conalco at its plant near Lake Charles, Louisiana. Plaintiff brought this action against Employers alleging that it was the general liability insurer of Conalco, its executive officers, directors, stockholders and employers. The plaintiff alleged that certain named executive officers, directors, stockholders and/or employees *1078 failed in their duties to the plaintiff resulting in plaintiff's injuries.
Employers filed a motion for summary judgment on the basis that it provided no coverage of the persons alleged to be executive officers in plaintiff's petition.
The policy of insurance appearing in the record contains the following endorsement:

"It is agreed that the `persons insured' provision is amended as follows:

1. Subdivision (C) is replaced by the following:
(C) If the named insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and
(I) Any director or stockholder thereof while acting within the scope of his duties as such; and
(II) Any executive officer of the named insured while acting within the scope of his employment for the named insured.

The term `executive officer' means any person holding any of the officer positions created by the charter or bylaws of the named insured." (Emphasis added.)
By affidavit, Employers showed that none of the individuals named as executive officers in the suit were officers occupying positions created by the charter or bylaws of the corporation, nor were they stockholders or directors.
Plaintiff, in his brief, concedes:
"... that no individual named in the corporation's charter or by-laws would have had personal knowledge or responsibility necessary as a foundation for liability."
The trial judge granted the motion for summary judgment on the basis that the policy, as endorsed, did not provide coverage for the persons named as executive officers in plaintiff's petition.
The sole issue on appeal is whether the policy does provide such coverage.
Plaintiff argues that the trial court erred. Plaintiff contends that because the charter and bylaws were not physically attached to the policy, the endorsement limiting "executive officers" to those officers in positions created by the charter or bylaws is to be ignored. Plaintiff argues therefore that the jurisprudential definition of "executive officer" is to be applied. Plaintiff argues that under the jurisprudential criteria, there would be coverage for the supervisory employees involved in the accident. In support of his argument, plaintiff cites LSA-R.S. 22:628 and Spain v. Travelers Insurance, 332 So.2d 827 (La.1976).
LSA-R.S. 22:628, prior to subsequent amendments (in 1976, 1977 and 1979), provided, in pertinent part, that:
"No agreement in conflict with, modifying, or extending the coverage of any contract of insurance shall be valid unless it is in writing and physically made a part of the policy...."
In Spain, the policy issued by the excess liability insurer, Interstate Fire & Casualty Company, contained a clause, incorporating into its policy by reference the immediate underlying policy (primary). Such policy was not attached to the excess policy. The court observed as follows:

"The plain meaning of the statute [LSA-R.S. 22:628] seems to render invalid any agreement modifying the coverage of an insurance contract unless it is some-how physically made a part of the policy. This section of the Insurance Code appears to have the same purpose as many other sections which require that, in order to have effect, applications, by-laws, or other instruments must be made a part of the policy by attachment, endorsement or some other method." (Emphasis added.)
Plaintiff argues that since the bylaws and charter were not physically attached to the policy any attempt to define "executive officers" in a manner different from prior judicial interpretation of the terms is invalid. Mere incorporation by reference does not meet the requirements by LSA-R.S. 22:628.
In reaching its decision, the trial court relied on a recent case of Richards v. Farmers Export Co., 377 So.2d 859 (La.App. 4th *1079 Cir. 1979), writ den., 380 So.2d 69 (La.1980). In Richards, the court was faced with a policy endorsement containing the identical language before this court. The court in Richards distinguished Spain, stating:
"... The charter and bylaws of Farmers Export Company do not constitute an `agreement in conflict with, modifying, or extending the coverage.' They are purely definitional in identifying who is an executive officer under the policy and were not required by R.S. 22:628 to be attached to the policy for this purpose."
Plaintiff concedes that the issue in Richards and in this case are identical. Plaintiff, however, points out that this court should not reach the same result as our brethren in the Fourth Circuit. Plaintiff contends that the court in Richards erred and that the principles of Spain should be applied.
We agree with the reasoning and result in Richards. The charter and bylaws do not modify coverage of the policy, but simply identify who is an executive officer under the policy definition of executive officers. We find that such a result does not conflict in any way with the legislative policy expressed in LSA-R.S. 22:628 as interpreted in Spain.
In Spain, the court carefully reviewed the history and purpose of LSA-R.S. 22:628. The court concluded that:
"... The object of the statute is to assure full notification to the insured of all relevant provisions of his insurance contract." (Emphasis added.)
In the present case, the reference in the definition of executive officer is to documents which belong to, are under the control of, and in the possession of the named insured. There can be no question that the insured has full notification of all relevant provisions of his insurance contract since the documents referred to are its own documents and not instruments of the insurer or a third party.
We therefore conclude that no coverage was provided under the policy in question to persons who are not occupying positions created by the insured's charter or bylaws. Plaintiff concedes that none of the persons who would have personal knowledge and responsibility necessary as a foundation for liability occupied positions created by the charter or bylaws of Conalco. The trial court therefore properly dismissed plaintiff's suit as to Employers.
For the reasons assigned, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the plaintiff-appellant.
AFFIRMED.
NOTES
[1] The correct spelling is "Employers."