LOBRANO, Judge.
The sole issue presented by this appeal is whether an exclusionary clause, stipulated to apply to a corporate lessee of a motor vehicle, applies to that corporation’s employee operating that vehicle in the course and scope of his employment.
The facts which are not in dispute are as follows. On May 25, 1982 an automobile being operated by Deborah Cordier, with her minor daughter Jennifer, as a passenger, was stopped at a traffic light in the City of New Orleans. The automobile was struck from the rear by a truck being operated by Mr. Lorenzo Platenburg, a delivery man for F. Strauss & Son, Inc. (hereinafter Strauss). The Cordier vehicle was propelled into another truck and Mrs. Cor-dier was severely injured and her daughter, Jennifer, was killed. Mr. Platenburg was in the course and scope of his employment, making a delivery from Strauss’s warehouse to downtown New Orleans. The truck which he was driving had been leased by Strauss from Lend Lease, a division of National Car Rental System, Inc. (National). It was stipulated that the sole cause of the collision was the negligence of Platen-burg and that Strauss was vicariously liable.
Strauss had leased the truck for a period of five years pursuant to a written lease agreement with Lend Lease. That lease agreement required Strauss to provide liability insurance coverage of $250,000.00 per person and $500,000.00 per occurrence, combined single limits of $500,000.00 in liability coverage, and to indemnify and hold harmless National from any claim of liabilities due to the use or operation of the leased vehicle. Strauss complied with the terms by securing the coverage from Federal Insurance Co. (Federal) and named National as an additional insured and loss payee.
An excess policy in the amount of $10,-000,000.00 was issued by Mission National Insurance Company (Mission) to Strauss. The Travelers Indemnity Company (Travelers) issued a primary policy of liability insurance to National covering its division, Lend Lease, with limits of $100,000.00 per person and $300,000.00 per occurrence and an excess policy with limits of $1,000,-000.00.
Prior to trial on the merits, the Cordiers settled their claim for $600,000.00, which sum was paid entirely by Federal and Mission. Travelers refused to contribute to the settlement, contending that under the policies between it and National, Strauss was not an insured.
The trial court held that the policy responsibility was that of Federal and Mission, thus exonerating Travelers.
Federal and Mission admit Strauss and its employee Platenburg are insureds under their liability policy. Additionally they admit that Strauss is not an insured under the Travelers policy, but claim that Strauss’ employee, Platenburg, the driver of the truck, is an insured and thus Travelers is liable for contribution.
The Travelers’ policy defines “who is insured” in part as follows:
*1269 “2. Anyone else is an insured while using with your permission a covered auto you own, hire or borrow except: (here there follow three exceptions which do not apply under the facts of this case.)
3. Anyone liable for the conduct of an insured described above is an insured, but only to the extent of that liability...”
The policy, however, contains an exclusion which reads as follows:
"1. Liability insurance provided by this policy for a covered auto which you have leased or rented to another person or organization under an agreement under which that person or organization has agreed to provide primary insurance for that auto, does not apply to that person or organization.”
The sole issue for our determination is whether or not the term “organization” in the above clause includes Platenburg, an employee of said organization. We hold that it does, and therefore the exclusionary clause applies. The term “organization” as used in the above clause must necessarily include that organization’s employees, as to hold otherwise would render the clause useless. It is obvious that the organization or corporation (Strauss) cannot operate a vehicle itself, and can only act through its employees. Any liability Strauss incurs through the operation of the leased vehicles would be vicarious. To exclude Strauss and not its employees would lead to an absurd interpretation of the policy.
“Courts must give legal effect to the provisions of an insurance policy according to the true intent of the parties, which is determined by the wording of the policy when its provisions are clear and unambiguous and do not lead to absurd consequences.” Schmieder v. State Farm Fire and Cas. Co., 339 So.2d 390, 392 (La.App. 4th Cir.1976), writs ref. 341 So.2d 895.
“Such a contract is not to be given a strained, forced or unreasonable interpretation, but a fair, reasonable and sensible construction, compatible with the apparent object and plain intention of the parties as expressed in the words of the agreement.” Ory v. Louisiana & Southern Life Ins. Co., 352 So.2d 308, 310 (La.App. 4th Cir.1977).
We agree with the trial judge that it would be absurd to allow Strauss’ employee to be covered by Traveler’s policy, and to exclude Strauss. That clearly was not' the intent of the parties. Therefore the judgment of the lower court is affirmed.
AFFIRMED.