458 So.2d 561 (1984)
John Earl ODOM, Plaintiff-Appellee,
v.
DIXIE TIE AND TIMBER COMPANY, et al., Defendants-Appellants.
No. 83-885.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1984.
Rehearing Denied November 26, 1984.
*562 Perrell Fuselier, Oakdale, Robert L. Salim, Natchitoches, for defendant-appellant.
Kenneth Ray Rush, Oakdale, for plaintiff-appellee.
Before DOMENGEAUX, CUTRER and DOUCET, JJ.
DOMENGEAUX, Judge.
Plaintiff, John Earl Odom, instituted this action seeking worker's compensation benefits for injuries sustained by him in an accident that occurred on June 6, 1981. The trial judge found the plaintiff to be totally and permanently disabled and held the three defendants, Dixie Tie and Timber Company, Inc., Hendrick's Sawmill, Inc., and American Standard Life and Accident Insurance Company, to be liable in solido for worker's compensation benefits. The defendants, Hendrick's Sawmill, Inc. and American Standard Life and Accident Insurance Company, have perfected this suspensive appeal from the lower court's judgment.
In 1968 John Earl Odom became employed by Dixie Tie and Timber Company, Inc. (hereinafter Dixie Tie) as a common sawmill laborer. Dixie Tie was a hardwood mill which cut and produced railroad crossties and rough lumber. Mr. Odom worked under the direct supervision of Jack Shoemake, owner of Dixie Tie, and his duties consisted of unloading logs, loading crossties for delivery, banding crossties, preparing loading tickets, and selling wood products produced at the mill.
On August 28, 1971, Dixie Tie sold the complete sawmill to Hendrick's Sawmill, Inc. (hereinafter Hendrick's) who continued to operate the mill. The sale was made on an installment basis with Dixie Tie receiving 70 cents per tie produced by Hendrick's. After the sale date, Dixie Tie performed no sawmill operation, and existed only for the purpose of transporting all crossties produced by Hendrick's.
Although the sawmill had been sold to Hendrick's, Mr. Odom remained on the payroll of Dixie Tie and continued to perform the same sawmill duties as before the sale but following the date of the sale, Mr. Odom performed his duties using Hendrick's equipment and at the direction of Hendrick's sawmill personnel. Occasionally, Mr. Odom was paid by both Hendrick's and Dixie Tie.
John Earl Odom continued his sawmill duties until June 6, 1981, when his right hand was completely crushed while in the course and scope of his employment. On that date, Mr. Odom was attempting to *563 remove the axle from a 40 foot van-trailer when the jacking mechanism malfunctioned causing the trailer to fall directly on Mr. Odom's hand. The van-trailer was licensed in the name of Hendrick's.
The issues presented for appeal are: (1) Whether American Standard Life and Accident Company provided workmen's compensation insurance to Hendrick's, and (2) whether Hendrick's should be liable based on a theory that John Odom was their borrowed employee at the time of the accident, and (3) whether both defendants should be held liable for penalties and attorney's fees.
A policy of insurance is a contract between the parties and is to be enforced in accordance with its terms when they are clear and unambiguous. Such a contract is to be given a fair, reasonable and sensible construction compatible with the apparent object and plain intention of the parties as expressed in the words of the agreement. Carolyn v. Aetna Casualty & Surety Company, 413 So.2d 1355 (La.App. 3rd Cir. 1982), and Ory v. Louisiana and Southern Life Insurance Company, 352 So.2d 308 (La.App. 4th Cir.1977).
The applicable policy provisions of the contract between Hendrick's and American Standard Life and Accident Insurance Company provides:
"SECTION V EXCLUSIONS, LIMITATIONS AND REDUCTIONS
Benefits under this Policy shall not be payable for: (1) any loss resulting from accidents occurring before the Injured Person's 18th birthday, or (2) any loss suffered by any person hereunder for Occupational Accidents only unless such loss occurs while the Person is actually engaged in the usual and customary duties of his employment as named in the application attached hereto, or (3) any loss suffered by any person for Occupational Accidents only while such Person is being transported to or from work, unless such Person is being transported by a motor vehicle used in the normal course of the Policyowner's business as named in the application attached hereto, or (4) any loss for which benefits are payable under any Workmen's Compensation Act or similar law, or (5) eye refraction or eyeglasses, or (6) gunshot wounds, or (7) prosthetic or orthopedic appliances, or (8) dental surgery, service or repair, except as provided under Section IV hereof, or (9) injuries intentionally inflicted on any person by himself or other persons, or (10) any procedure involving hernia or hemorrhoids, or (11) any treatment or service rendered in a facility owned or operated by any branch of Government."
* * * * * *
"SECTION X WORKMEN'S COMPENSATION NOT AFFECTED
This Policy is not in lieu of, and does not affect any requirement for coverage by Workmen's Compensation Insurance."
Additionally the following statement is contained in an application for insurance which was signed by a representative of Hendrick's:
"3. I fully understand that this is not Workmen's Compensation insurance as Key Life Insurance Company of South Carolina is not authorized to, and does not write that type coverage."
The plaintiff argues that Section 5, Sub-part 2, could be construed in such a fashion as to support the trial court's determination that this policy does provide worker's compensation coverage. However, courts may not alter the clear terms of an insurance policy under the guise of interpretation. Schwegmann Brothers Giant Supermarkets v. Underwriters at Lloyd's London, 300 So.2d 865 (La.App. 4th Cir. 1974), writ denied, 303 So.2d 172 (La.1974). Section 5, Clause 2 cannot be reasonably interpreted to provide for worker's compensation coverage when the provisions right below it, i.e., Section 5, Clause 4, and Section 10 clearly show the policy does not contemplate such coverage. We hold that this policy does not provide for worker's compensation coverage because when the language of an insurance contract is clear and unambiguous it must be enforced as written. Bowab v. St. Paul Fire & Marine *564 Insurance Company, 152 So.2d 66 (La. App. 3rd Cir.1963), writ denied, 244 La. 664, 153 So.2d 881 (1963). To hold otherwise under the guise of interpretation would be in effect making a new and different contract between the parties which this Court is without authority to do. See Jennings v. Louisiana & Southern Life Insurance Company, 280 So.2d 297 (La. App. 1st Cir.1973).
Next defendant Hendrick's contends that it should not be held liable, claiming plaintiff was not a borrowed employee at the time of the accident.
To determine the plaintiff's occupational status one must thoroughly examine the relationship which existed between Dixie Tie and Hendrick's.
After the sale of the sawmill to Hendrick's, Dixie Tie instructed Mr. Odom to perform all sawmill duties necessary to foster the production of crossties. Mr. Odom was further instructed to perform sawmill duties for Hendrick's and receive his instructions from Hendrick's personnel. As a result of these instructions, Mr. Odom performed 95% of his duties directly for Hendrick's, using Hendrick's equipment, and at the instructions of Hendrick's personnel. Mr. Odom's duties consisted of unloading logs to be used at Hendrick's, loading crossties produced at the mill, binding crossties for delivery, and selling mill products at the instruction of Mr. Hendricks. In fact, Mr. Odom performed the same duties as he had done when the sawmill was owned by Dixie Tie.
Dixie Tie sold the sawmill to Hendrick's in an attempt to avoid bankruptcy. Due to the corporation's financial condition, Dixie Tie was forced to negotiate an urgent sales agreement on an instrument-workout payment plan. The sale contract basically stated that Dixie Tie would receive payment for the sawmill if and only if Hendrick's was able to successfully operate the mill.
In determining whether a borrowed employee relationship exists this Court in Rapattoni v. Commercial Union Assurance Company, 378 So.2d 953 (La.App. 3rd Cir. 1979) stated:
"There are two general tests for the borrowed servant doctrine: (1) whose work was being performed and (2) who had control of the employee (plaintiff). Young v. Hearin Tank Lines, Inc., 176 So.2d 790 (3rd Cir.1965); Benoit v. Hunt Tool Company, 53 So.2d 137 (La.1951). As the Supreme Court pointed out in Benoit, supra, these tests are not infallible. Since Spanja and Dixon were rendered, the jurisprudence has rather consistently looked more closely at who had the control of the employee when he was injured rather than at whose work he was engaged in. See Dupre v. Sterling Glass and Paint Company, Inc., 344 So.2d 1060 (1st Cir.1977)."
With these principles in mind and under the rules of appellate review we do not find the trial court was clearly wrong in finding that the plaintiff was a borrowed employee of Hendrick's. The facts adduced at trial show plaintiff was instructed to follow the orders of Hendrick's personnel and actually did so. Dixie Tie's President even testified that plaintiff would have been dismissed had Hendrick so requested. We find this to be sufficient control and no one contests the fact that plaintiff was working on Hendrick's equipment. Therefore Mr. Odom was under Hendrick's control in performing work for them. Plaintiff was thus correctly held to be the borrowed employee of Hendrick's.
Lastly plaintiff contends that the trial court erred in failing to hold Hendrick's and American Standard Life & Accident Insurance Company liable for statutory penalties and attorney's fees under the authority of La.R.S. 23:1201.2. Since we have held American Standard Life & Accident Insurance Company not to be liable under the insurance contract we need not address that issue as it pertains to it.
As to Hendrick's liability, This Court has repeatedly held that a dispute between two employers as to which one owes compensation benefits is not a justifiable basis for withholding benefits to an injured employee. See Fontenot v. Town of Kinder, 377 So.2d 554 (La.App. 3rd Cir.1979). But even in these cases the courts have held that the *565 plaintiff has the burden of proving that each employer's failure to pay was premised on the dispute and as such constituted arbitrary and capricious action. Here plaintiff did not show Hendrick's failure to pay was premised on dispute. He offered no evidence as to why Hendrick's failed to pay.
The trial court in its reasons for judgment stated:
"This court finds ... that plaintiff is entitled to statutory penalties and attorney's fees against defendant, Dixie Tie and Timber, Inc., which attorney's fees are set in the amount of $5,000.00. The plaintiff has not proved that the failure of the other two defendants to pay the worker's compensation benefits was arbitrary or capricious."
We agree with the trial court that the proof as to whether Hendrick's acts were arbitrary is not in the record. Further, speculation is not a sufficient basis for an award of attorney's fees and penalties under La.R.S. 23:1201.2 because this section being penal in nature must be strictly construed. See Smith v. Borden, Inc., 413 So.2d 701 (La.App. 4th Cir.1982), writ denied, 420 So.2d 171 (La.1982).
Whether an employer's refusal to pay worker's compensation benefits is arbitrary, capricious and without probable cause is a question of fact. Fazande v. New Orleans Public Service, Inc., 430 So.2d 225 (La.App. 4th Cir.1983). A Court of Appeal reviewing questions of fact can reverse a trial court only on a determination that the record establishes that the finding is manifestly erroneous. After a thorough review of the record we cannot say that the trial court was manifestly erroneous in failing to assess penalties and attorney's fees against Hendrick.
For the above and foregoing reasons the judgment of the trial court is reversed insofar as it held American Standard Life & Accident Insurance Company liable. In all other respects it is affirmed. All costs of this appeal are assessed against defendant, Hendrick's Sawmill, Inc.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.

ON REHEARING
PER CURIAM.
In our original decision we held that the insurance policy in question did not provide worker's compensation coverage. Now, plaintiff in an application for rehearing therefore suggests that we should clarify our decision to the effect that plaintiff is entitled to other benefits under the policy.
The only question of plaintiff's entitlement under the policy had to do with worker's compensation. Any other rights to which he may be entitled under the policy was not before us. We did not in our original decision, nor do we now express any opinion concerning any other aspects of the policy, or any other rights to which plaintiff may be entitled thereunder.
DENIED.