375 So.2d 749 (1979)
Diane LeBOYD
v.
LOUISIANA TRANSIT COMPANY et al.
No. 10178.
Court of Appeal of Louisiana, Fourth Circuit.
September 11, 1979.
*750 Gordon Hackman, Boutte, for plaintiff-appellant.
Stephen L. Huber, Metairie, for defendants-appellees.
Before LEMMON, SCHOTT and GARRISON, JJ.
GARRISON, Judge.
Diane LeBoyd, plaintiff in this matter, was injured on October 3, 1975 while riding on a Louisiana Transit Company bus which was struck by an uninsured automobile. The driver and owner of the car were named defendants in her suit, but were never served, so the only defendants at trial were the bus company and its insurer. The parties stipulated to the following pertinent items: (1) that Louisiana Transit Company and its driver were not liable in the accident; (2) that the driver of the uninsured vehicle was liable; (3) that Liberty Mutual insured the bus company under a policy written in 1967 and renewed annually since then, and which was in effect on the date of the accident; (4) that the bus company had rejected uninsured motorist coverage in 1967 by letter, and had rejected it orally thereafter; (5) that plaintiff's damages were in the amount of $1,500.00. The sole issue was whether Liberty Mutual's policy provided uninsured motorist coverage for Louisiana Transit Company, despite the latter's oral rejection of such coverage. The district court ruled that there was no uninsured motorist coverage, and dismissed plaintiff's suit. Plaintiff has appealed.
The issue before us is whether Louisiana Transit Company's oral rejection of uninsured motorist coverage was sufficient under the version of R.S. 22:1406 D(1) in effect at the time relevant hereto. R.S. 22:1406 D requires all automobile liability insurers to provide coverage in their policies against uninsured or underinsured motorists. However, the named insured has the right to reject such coverage or to select lower limits. The statute has gone through numerous amendments from year to year, many of them regarding the insured's right to reject uninsured motorist coverage, and the form and effect of such rejection. Prior to the date of accident (October 3, 1975), *751 Act 494 of 1975 had gone into effect (on September 12, 1975). Act 494 of 1975 provided, "Such coverage need not be provided in or supplemental to a renewal or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer." However, the renewal policy in effect at the time of the accident was dated effective December 31, 1974 to December 31, 1975. Therefore, the 1975 amendment cannot be applied to it retroactively. See Pierce v. Hartford Accident & Indemnity Co., 184 So.2d 241 (La.App. 1st Cir. 1966), writ refused 186 So.2d 160. Thus, the applicable law is Act 154 of 1974, which provides, in pertinent part,
"D. (1) No automobile liability insurance covering liability arising out of the ownership, maintenance or use of any motor vehicle shall be delivered or issued for delivery in this state . . . unless coverage is provided therein or supplemental thereto . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles . . .; provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage or selects lower limits."
This version of the statute does not require the rejection to be in writing (unlike some later versions, which mandate a written rejection). Plaintiff contends, however, that under R.S. 22:628 the rejection had to be written to be effective. That statute stated, at the relevant time,
"No agreement in conflict with, modifying, or extending the coverage of any contract of insurance shall be valid unless in writing and made a part of the policy. * * *"
This is the "entire contract policy" statute, the basic purpose of which is that the insured shall have in his possession at all times the entire evidence of the insurance contract. See Johnson v. Occidental Life Insurance Company of California, 368 So.2d 1032 (La.1979).
In the present case, the insurance policy offered into evidence contained no provision whatsoever for uninsured motorist coverage (due, we assume, to the bus company's 1967 rejection of same). Thus, the fact that the rejection of uninsured motorist coverage for 1975 was oral would not seem to matter, since the rejection does not conflict with, modify, or extend any coverage expressly stated in the policy.
In re-examining the wording of R.S. 22:1406 D(1), however, we note that it mandates inclusion of uninsured motorist coverage in any auto liability insurance issued for delivery in Louisiana. The coverage is required, but is inapplicable if rejected by the insured. Thus, the fact that the policy in this case contained no language regarding uninsured motorist coverage is of no moment; the compulsory requirements of the statute mean that uninsured motorist coverage must be read into the policy. Since the policy thus mandatorily provides uninsured motorist coverage, rejection of such coverage should have been in writing, because rejection conflicted with the coverage.
Since the only written rejection was the 1967 letter, the question becomes whether the 1967 letter could be effective in 1974, when the policy was renewed. We think not. The 1974-75 policy renewal constituted a new and separate contract and, in the absence of any statutory remission of the usual law, was subject to the entire contract policy. Accordingly, it would have required a new written rejection in 1974 to erase the mandatory uninsured motorist coverage read into the policy by law. Thus, Louisiana Transit's 1974 oral rejection of statutory uninsured motorist coverage was ineffective, and therefore Liberty Mutual's policy provided coverage, as required by R.S. 22:1406 D(1), for plaintiff's injuries.[1]
*752 Accordingly, we reverse. Since plaintiff's damages were jointly stipulated to be $1,500.00, we render judgment for her as follows.

DECREE
For the reasons above, the judgment of the district court is reversed; further, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Diane LeBoyd, and against defendant, Liberty Mutual Insurance Company, in the amount of ONE THOUSAND FIVE HUNDRED AND NO HUNDREDTHS ($1,500.00) DOLLARS, plus judicial interest from date of demand until paid, and for all costs of these proceedings, including costs of this appeal.
REVERSED AND RENDERED.
NOTES
[1] The statute in its present form avoids the difficulty encountered in this case:

"* * * [T]he coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits. Such coverage need not be provided in or supplemental to a renewal or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer. Any document signed by the named insured or his legal representative which initially rejects such coverage or selects lower limits shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto." R.S. 22:1406 D(1)(a), as amended by Acts 1975, No. 494 and Acts 1977, No. 438.