390 So.2d 1385 (1980)
Juanita LANDRY, Plaintiff-Appellant,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Defendant-Appellee.
No. 7894.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1980.
*1386 Scofield, Bergstedt & Gerard, Benjamin W. Mount, Lake Charles, for plaintiff-appellant.
Woodley, Barnett, Cox, Williams & Fenet, James E. Williams, Lake Charles, for defendant-appellee.
Stafford, Stewart & Potter, Grove Stafford, Jr., Alexandria, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and STOKER, JJ.
GUIDRY, Judge.
This suit was instituted by the plaintiff, Juanita Landry, against Travelers Insurance Company (hereafter, Travelers) and other defendants for damages resulting from injuries sustained in an automobile accident occurring on October 25, 1973. All defendants with the exception of Travelers have been dismissed. Travelers filed a Motion for Summary Judgment which was sustained by the trial court resulting in the dismissal of plaintiff's suit as to it. Plaintiff appeals that judgment.
The pleadings, insurance policy, and attached affidavits reveal the following facts: The plaintiff, Juanita Landry, is a court reporter for the Fourteenth Judicial District, Parish of Calcasieu, State of Louisiana. On October 25, 1973, the plaintiff was a passenger in a 1967 model Pontiac station wagon owned by Don Siebarth Pontiac, Inc., of Lake Charles, Louisiana, and operated by Fourteenth Judicial District Judge Henry L. Yelverton. While returning from a session of the district court being conducted in Cameron, Louisiana, the automobile in which both parties were riding was struck head-on by an oncoming vehicle driven by Ms. Elsie Vaughn, an uninsured motorist. As a result of the collision the plaintiff received extensive injuries. At the time of *1387 the accident, Travelers had in full force and effect a comprehensive automobile and general liability policy designating the Police Jury of Calcasieu Parish as the named insured. The plaintiff filed suit seeking recovery under the uninsured motorists coverage of that policy.
The defendant, Travelers, filed a motion for summary judgment based upon the following grounds: (1) the comprehensive automobile and general liability policy issued to the Calcasieu Police Jury did not provide uninsured motorists coverage as such coverage had been expressly rejected by Parish officials vested with the authority to decide such matters; and, in the alternative, (2) if uninsured motorists coverage is determined to be in full force and effect, it is asserted that the plaintiff is not an "Insured" under the provisions applicable to uninsured motorists policies issued by the defendant company. Travelers contends that the provisions regulating uninsured motorists coverage as provided by their company apply to the policy at issue despite the fact that such provisions were neither attached to nor made a part of the comprehensive automobile and general liability policy issued to the Calcasieu Parish Police Jury.
The trial judge sustained the defendant's Motion for Summary Judgment without providing written reasons for his decision. Thus, this court does not know what prompted the lower court to grant the defendant's motion. Specifically, we do not know if the trial court determined that (1) the policy issued to the Calcasieu Parish Police Jury did not provide uninsured motorists coverage, and/or (2) that although the policy did provide uninsured motorists coverage, this particular plaintiff was not an "Insured" under the provisions of the policy in effect at the time of the accident. The defendant attached to his Motion for Summary Judgment a copy of those provisions which ordinarily regulate uninsured motorists coverage when provided by the defendant company. It is admitted by the defendant that these provisions were not attached to the comprehensive automobile and general liability policy in question. Therefore, a sub-issue arises which may be styled in the following manner: if this court were to decide that uninsured motorists coverage is applicable to the policy at issue, then can those limiting provisions ordinarily applicable to such coverage be considered in determining whether or not the plaintiff is an "Insured" under the uninsured motorists coverage even though such provisions were neither attached to nor incorporated into the general liability policy?
As previously stated, the first issue for resolution is whether or not the insurance policy issued to the Calcasieu Parish Police Jury provided uninsured motorists coverage. The record reflects that the Travelers Insurance Company has provided the Police Jury of Calcasieu Parish with comprehensive automobile and general liability insurance since 1966. Evidence attached to the defendant's motion for Summary Judgment indicates that in years prior to the year of the accident the parish governing authority rejected, in writing, the inclusion of uninsured motorists coverage when contracting for their general liability policy. The record contains copies of written rejection slips for the years, 1966-1968, 1970, and 1975. However, there is no written rejection slip for the period with which we are concerned, that is, 1973-1974.
As previously stated, the accident which is the subject of this litigation, occurred on October 25, 1973. The policy in effect at the time of the accident was dated August 10, 1973. Therefore, the applicable version of our present statute LSA-R.S. 22:1406(D)(1) in relevant part is contained in Act 137 of 1972 which provides:

"No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits described in the Motor Vehicle Safety Responsibility Law of Louisiana, under provisions filed with and *1388 approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage."

The statute, although conferring the right to reject uninsured motorists coverage, is silent as to the mode to be used when rejecting such coverage. In 1975 the Legislature passed Act 494 which specifically provided that all rejections must be in writing to be valid. In addition, Act 494 provided that one need not obtain a new written rejection each time a policy was renewed or substituted if the named insured had previously rejected coverage in writing. Regardless of the later modifications of this statute, this court must consider the version of the statute in effect at the time this case arose.
Two of our state appellate courts have addressed the precise issue now before this court. In Walker v. Coleman, 367 So.2d 395 (La.App. 2nd Cir. 1979), writ denied as untimely, 369 So.2d 1365, the question arose as to whether or not the city of Shreveport had validly rejected uninsured motorist coverage, thereby precluding the plaintiff's recovery. Evidence was introduced by the defendant to show that the city, acting through its officials, orally rejected uninsured motorists coverage. The court, in holding that an oral waiver of uninsured motorists coverage was ineffective stated:
"... It is a fundamental rule of insurance law that coverage is to be determined by the provisions of the contract and applicable statutes, and that there can be no oral variance of the coverage provided by contract and statute. We, therefore, hold that proof of a waiver of such statutorily mandated coverage must be in writing to be effective."

Subsequently, the Fourth Circuit addressed the identical issue in the case of LeBoyd v. Louisiana Transit Company, 375 So.2d 749 (La.App. 4th Cir. 1979), concluding that an oral rejection of uninsured motorists coverage was insufficient to preclude such coverage under the version of LSA-R.S. 22:1406 in effect as of the date of the renewal policy.[1] The court in examining the Language of LSA-R.S. 22:1406(D)(1) stated:
"... we note that it mandates inclusion of uninsured motorist coverage in any auto liability insurance issued for delivery in Louisiana. The coverage is required, but is inapplicable if rejected by the insured. Thus, the fact that the policy in this case contained no language regarding uninsured motorist coverage is of no moment; the compulsory requirements of the statute mean that uninsured motorist coverage must be read into the policy. Since the policy thus mandatorily provides uninsured motorist coverage, rejection of such coverage should have been in writing, because rejection conflicted with the coverage."
The LeBoyd court also addressed the issue regarding whether or not a written rejection is valid as to subsequent renewals or substitutions of the same policy. The court in deciding that prior rejections were not effective commented:

"... The 1974-1975 policy renewal (the policy at issue) constituted a new and separate contract and, in the absence of any statutory remission of the usual law, was subject to the entire contract policy. Accordingly, it would have required a new written rejection in 1974 to erase the *1389 mandatory uninsured motorist coverage read into the policy by law."[2]
This court finds the reasoning of our brethren in the cited cases persuasive for the reasons stated therein. We therefore conclude that under the version of LSA-R.S. 22:1406(D)(1) in effect in 1973, an express written rejection of uninsured motorists coverage was required in order for such a rejection to be effective. To the extent that the trial court may have concluded that the policy issued by the defendant, Travelers Insurance Company, did not provide uninsured motorists coverage, we find that conclusion to be in error.
The defendant in its motion for summary judgment asserts that even if it is determined that the policy issued to the Calcasieu Parish Police Jury included uninsured motorists coverage, the usual uninsured motorists policy provisions applicable to general liability policies issued by Travelers preclude recovery by the plaintiff in that the plaintiff is not an "Insured" as defined in the aforementioned provisions. The defendant's argument is primarily based upon the applicability of those uninsured motorists provisions ordinarily attached to general liability policies issued by Travelers. As previously noted these provisions were not attached to the general liability policy which is the source of this litigation. Defendant has submitted in conjunction with its motion for summary judgment a copy of those provisions ordinarily applicable to uninsured motorists coverage when provided by the defendant company. This court has reviewed these provisions and notes that they function to limit certain provisions of the general liability policy. We take particular cognizance of the fact that the term "Insured" is more restrictively defined in the uninsured motorists provisions than in the general liability policy. It is axiomatic that since these provisions are limiting in their effect, they may not be considered unless originally attached to or made a part of the general liability policy. LSA-R.S. 22:628[3] very clearly states:
"No agreement in conflict with, modifying, or extending the coverage of any contract of insurance shall be valid unless in writing and made a part of the policy..."
We, therefore, conclude that the provisions regulating and limiting uninsured motorists coverage ordinarily employed by Travelers are not applicable to the policy issued to the Calcasieu Parish Police Jury as they were neither attached to nor made part of the general liability policy.
After reviewing the trial record, counsels' briefs, and the affidavits submitted in connection with the defendant's motion for summary judgment, we determine that there exists a genuine issue of material fact which precludes rendition of summary judgment dismissing plaintiff's suit. Specifically, the defendant has not provided the court with a sufficient factual showing to sustain its allegation that the plaintiff is not an "Insured" under the language of the general liability policy issued to the Calcasieu Parish Police Jury.
For the above and foregoing reasons the judgment of the trial court sustaining defendant's motion for summary judgment is reversed and set aside and this matter is remanded to the trial court for further proceedings consistent with the views hereinabove expressed.
REVERSED AND REMANDED.
NOTES
[1] The LeBoyd court examined LSA-R.S. 22:1406(D)(1) as it existed after amended by Act 154 of 1974. Act 154 modified Act 137 of 1972 by providing that the insured could not only reject uninsured motorists coverage but also select lower limits. Not until the passage of Act 494 of 1975 did LSA-R.S. 22:1406(D)(1) specify the manner in which the insured must reject uninsured motorists coverage for such rejection to be effective.
[2] We do not consider this court's decision in Myers v. Thibeaux, 365 So.2d 266 (La. App. 3rd Cir. 1978), as contradicting the findings of the LeBoyd court. Our court in that case was concerned with the effects of prior written rejections on a renewal insurance policy issued subsequent to the passage of Act 494 of 1975.
[3] LSA-R.S. 22:628 appears as written in 1973. This particular statute has undergone several revisions, however remains in pertinent part, as quoted herein.