COLE, Judge.
The issue in this case is whether or not Act 494 of 1975, amending and reenacting La.R.S. 22:1406(D)(1), may be applied retroactively to effect uninsured motorist coverage for an incident occurring after its effective date, even though the policy was issued prior to its effective date.
We hold it may not be given retroactive effect in such instances and, therefore, reverse the partial summary judgment from which this appeal was taken.
The original automobile liability policy which was issued provided for coverage from May 31, 1974 to May 31, 1975. Rejection of uninsured motorist coverage was made in writing. A renewal policy issued which provided for coverage from May 31, 1975 to May 31, 1976. No rejection of uninsured motorist coverage was made as regards this renewal policy. On September 12, 1975, Act 494 of 1975 became effective. The incident giving rise to this litigation occurred on February 20, 1976.
Act 494 of 1975 added to the existing law the following reference to uninsured motorist coverage:
“Such coverage need not be provided in or supplemental to a renewal or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer.”
Appellee contends even though the renewal policy went into effect approximately three and one-half months prior to the effective date of Act 494 of 1975, any uninsured motorist coverage written into the policy by virtue of the law then in effect was written out of the policy by Act 494 upon its effective date.
The law in effect when the renewal policy issued was Act 154 of 1974. It provides, in pertinent part:
“No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state... unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy. . .provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage or selects lower limits.”
Prior to the effective date of Act 494 of 1975, UM coverage was statutorily read into a policy unless the insured specifically rejected it. After its effective date, such coverage may be lost if there has been a rejection in a policy previously issued by the same insurer. Because Act 494 may result in the deprivation of this important right to UM coverage, it is substantive in nature and thus prospective, not retrospective in application. In this instance the *160 contract of insurance in effect at the time of the accident was “delivered or issued for delivery” subject to the provisions of Act 154 of 1974. These provisions vested UM coverage and, once vested, remained in effect during the life of the policy. Only those renewal policies issued after the effective date of Act 494 of 1975 (September 12, 1975) may have their UM coverage deleted by operation of law.
A review of relevant jurisprudence discloses no conflict with our holding in this case, as limited by the specific facts before us. Supportive of our determination is LeBoyd v. Louisiana Transit Co., 375 So.2d 749 (La.App. 4th Cir. 1979), a case with like operative facts. In LeBoyd, the original policy was written in 1967 at which time UM coverage was rejected. It was renewed annually with the viable policy being issued December 31, 1974, before the effective date of Act 494 of 1975. The accident occurred on October 3,1975, after the effective date of Act 494. The court stated, at p. 751:
“[T]he renewal policy in effect at the time of the accident was dated effective December 31, 1974 to December 31, 1975. Therefore, the 1975 amendment cannot be applied to it retroactively. See Pierce v. Hartford Accident & Indemnity Co., 184 So.2d 241 (La.App. 1st Cir. 1966), writ refused [249 La. 201,] 186 So.2d 160. Thus, the applicable law is Act 154 of 1974....”

“Since the only written rejection was the 1967 letter, the question becomes whether the 1967 letter could be effective in 1974, when the policy was renewed. We think not. The 1974-75 policy renewal constituted a new and separate contract and, in the absence of any statutory remission of the usual law, was subject to the entire contract policy. Accordingly, it would have required a new written rejection in 1974 to erase the mandatory uninsured motorist coverage read into the policy by law.” [1]
In treating the effect of another legislative change in R.S. 22:1406(D)(1),[2] this court has held it is the date of issuance of the policy which determines the applicable law, not the date of the accident or event triggering the cause of action. In Breaux v. Government Emp. Ins. Co., 373 So.2d 1335 (La.App. 1st Cir. 1979), the accident occurred March 3, 1976 and the policy had an effective date of March 9, 1975. We held, at page 1337:
“The question of whether Traders’ uninsured motorist coverage is increased to the liability limits must be determined in the light of the provisions of La. R.S. 22:1406(D)(1) as amended by Act 154 of 1974, effective August 1, 1974. Williams v. State Farm Mutual Automobile Insurance Company, 349 So.2d 1275 (La.App. 1st Cir. 1977).”
In Breaux, supra, at page 1338, we distinguished Myers v. Thibeaux,, 365 So.2d 266 (La.App. 3d Cir. 1978), thusly:
“[W]e note that Act 494 of 1975, relied upon by the majority in Myers, above, has an effective date of September 12, 1975, which is six months subsequent to issuance (renewal) of the policy with which we are concerned here. In Myers, above, the issuance (renewal) involved occurred after the effective date of Act 494 of 1975.”
In Williams v. State Farm Mut. Auto. Ins. Co., supra, at page 1278, treating the legislative change in coverage limits, we said:
“Plaintiffs claim that, since the ábove provision went into effect prior to the *161 date of the accident, it automatically increased the uninsured motorists protection .... We find this claim to be without merit. R.S. 22:1406(D)(1) provided that, after August 1,1974, no policy could be ‘delivered or issued for delivery’ without providing for the expanded uninsured motorists coverage. Since this policy was issued and delivered prior to the effective date of the act, we do not believe that the act can have the effect of amending or altering the provisions thereof. On the contrary, we hold that it applies only to policies issued and delivered after August 1, 1974.” [Citation omitted.]
We believe the rationale of Breaux, supra, and Williams, supra, to be applicable to the instant matter even though the statutory change before the court in those cases is different from that here under consideration. In those cases the change dealt with limits of coverage. Here, the change deals with the existence of coverage, per se. We see no contextual difference.
We note also our brothers of the Third Circuit have relied upon the date of issuance of the policy in determining the applicable law. In Landry v. Government Emp. Ins. Co., 390 So.2d 1385 (La.App. 3d Cir. 1980), the court had before it a policy issued August 10, 1973. The accident occurred October 25, 1973. In holding the applicable version of R.S. 22:1406(D)(1) to be contained in Act 137 of 1972, the court commented upon its prior decision of Myers v. Thibeaux, supra, as related to the Fourth Circuit case of LeBoyd, supra. It stated, footnote, page 1389:
“We do not consider this court’s decision in Myers v. Thibeaux, 365 So.2d 266 (La.App. 3d Cir. 1978), as contradicting the findings of the LeBoyd court. Our court in that case was concerned with the effects of prior written rejections on a renewal insurance policy issued subsequent to the passage of Act 494 of 1975.”[3]
Although the precise issue was not before the Second Circuit in Turner v. Allstate Ins. Co., 368 So.2d 797 (La.App. 2d Cir. 1979), we find the pertinent facts in that case to be consistent with those in the case before us and the result to correlate with our view. In Turner, supra, the first policy was issued June 17, 1975. UM coverage was rejected. Act 494 of 1975 intervened prior to the renewal policy which issued June 17, 1976. The accident occurred September 21, 1976. Effect was given to Act 494, the court holding there was no UM coverage.
For the foregoing reasons, and in light of the jurisprudence discussed, we reverse the judgment appealed and assess appellate costs against appellee.
REVERSED.

. Another issue in LeBoyd, not before us, is whether the rejection need be in writing. Contrary to this court’s decision in A.I.U. Ins. Co. v. Roberts, 395 So.2d 375 (La.App. 1st Cir. 1981), LeBoyd held the rejection must be in writing. Significantly, in A.I.U. Ins. Co. v. Roberts, supra, the policy in effect at the time of the accident was issued and delivered after the effective date of Act 494 of 1975, thus distinguishing that case from the instant one.

. Act 154 of 1974 amended R.S. 22:1406(D)(1) to mandate UM coverage at liability limits except when the named insured rejects such coverage or opts for lower limits. Previously, the law required only limits described in the Motor Vehicle Safety Responsibility Law.

. Cf. Thibodeaux v. Olivier, 394 So.2d 684 (La.App. 3d Cir. 1981); Hebert v. Breaux, 398 So.2d 1299 (La.App. 3d Cir. 1981).