408 So.2d 397 (1981)
Howard JOHNSON
v.
Huey P. ORTEGO, et al.
No. 14467.
Court of Appeal of Louisiana, First Circuit.
December 22, 1981.
*398 Christopher B. Fruge, Ville Platte, for plaintiff and appellant.
Donald T. W. Phelps, Baton Rouge, for defendants and appellees.
Before COVINGTON, CHIASSON and COLE, JJ.
COVINGTON, Judge.
This is an appeal from a judgment on a motion for summary judgment in favor of defendant Excalibur Insurance Company[1] granting its motion for summary judgment and dismissing plaintiff's claim against Excalibur. We affirm.
It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits (if any), show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Norman v. Sorrel, 391 So.2d 496 (La.App. 3 Cir. 1980), writ denied, 396 So.2d 1325 (La.1981). Only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law on the facts before the court can summary judgment be granted. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976).
In the instant case, the undisputed facts presented show that Excalibur issued an insurance policy to McNair Transport for the period from May 8, 1975 to May 8, 1978 (during which period the accident giving rise to the present lawsuit occurred, on March 16, 1977). The copy of the policy in the record shows that the policy afforded liability coverage to McNair Transport. McNair Transport rejected uninsured motorist protection. When the policy was issued in 1975, LSA-R.S. 22:1406D(1)[2] read in part:

*399 "... provided, however, that the coverage required [under R.S. 22:1406D(1)] shall not be applicable where any insured named in the policy shall reject the coverage or selects lower limits." (Act 154 of 1974).[3]
In the instant case, it is undisputed that attached to the McNair Transport policy is a rejection of uninsured motorist coverage, as an endorsement effective May 8, 1975, signed by Alex Durbin in his capacity as Vice President of Administration with McNair Transport, Inc.
In considering this endorsement, the trial judge stated:
"The endorsement rejecting the uninsured motorist coverage is a part of the policy and appears to be a considered waiver of uninsured motorist coverage, under-insured motorist coverage and the option to select lower limits. There is no question of their knowledge and affirmative action regarding the options. The cases cited by plaintiff in opposition to the motion for summary judgment appear to be inapplicable to our particular situation in this case."
Since we find no dispute as to the material facts, and since we are of the opinion that Excalibur is entitled to judgment as a matter of law, we affirm the judgment of the trial court. Costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.
NOTES
[1] By way of a supplemental petition filed by plaintiff, Excalibur Insurance Company was added as a defendant, with plaintiff alleging that Excalibur issued an insurance policy to McNair Transport, Inc., under the terms of which plaintiff was entitled to uninsured motorist coverage.
[2] There is a strong public policy behind the enactment of the uninsured motorist statute. Unless rejected, the provisions of the statute place this protection in any policy of liability insurance issued in this state.
[3] It was not until the enactment of Act 438 of 1977 that LSA-R.S. 22:1406D(1) specified the manner in which the insured was to reject uninsured motorist coverage in order for such rejection to be effective. See A.I.U. Insurance Company v. Roberts, 404 So.2d 948 (La.1981).