461 So.2d 464 (1984)
Herbert RAINEY
v.
Mary GERARVE, et al.
No. 83-CA-840.
Court of Appeal of Louisiana, Fifth Circuit.
December 11, 1984.
Writ Denied February 8, 1985.
Gregory J. Laborde, Lafayette, for plaintiff-appellant.
*465 John A. Cvejanovich, New Orleans, for defendant-appellee.
Before KLIEBERT, GAUDIN and DUFRESNE, JJ.
GAUDIN, Judge.
The narrow issue involved in this appeal is whether the Administrator of the State of Louisiana's Division of Property and Casualty Insurance had the authority to sign a waiver and thereby reject uninsured motorist coverage for the Department of Public Safety.
The district judge decided that the Administrator had the authority and could legally execute such a waiver. After considering the testimony and evidence, we cannot say that such a conclusion was erroneous. The judgment appealed from is affirmed.
Appellant is Herbert Rainey, a state trooper injured on August 31, 1979 when his motorcycle collided with an oncoming automobile that negligently turned left into his path.
Mr. Rainey filed tort claims against (1) the other driver, Mrs. Gerard Gerarve, her husband and their liability insurance company, State Farm Mutual Automobile Insurance Company; (2) Allstate Insurance Company, Mr. Rainey's personal uninsured motorist carrier; and (3) Travelers Insurance Company, the alleged uninsured motorist carrier of the Department of Public Safety, Mr. Rainey's employer. Mr. Rainey settled with the Gerarves and State Farm for $15,000.00, the policy limits, and proceeded to trial against Allstate and Travelers.
The trial judge ordered Allstate to pay $10,000.00 to Mr. Rainey and dismissed claims against Travelers. Reasons for judgment were not assigned, but appellant and appellee agree that Travelers was absolved of responsibility because the trial judge felt that this company did not extend uninsured motorist coverage due to a waiver signed by Edward Anderson, the Administrator of the Division of Property and Casualty Insurance.
On appeal, Mr. Rainey contends that Mr. Anderson had no authority, express or implied, to waive uninsured motorist coverage for the Department of Public Safety. Therefore, Travelers should have been cast in judgment, along with Allstate, for claims in excess of the $15,000.00 State Farm policy. The $10,000.00 judgment against Allstate was not appealed by either Mr. Rainey or Allstate.
Travelers' policy was issued for three years, commencing on September 29, 1976. At that time, LSA-R.S. 22:1406(D)(1)(a) was in effect and it stated:
"No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in the state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with an approved by the Commissioner of Insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this subsection shall not be applicable where any inusured named in the policy shall reject the coverage or selects lower limits. Such coverage need not be provided in or supplemental to a renewal or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy issued to him by the same insurer." (Underlining supplied.)
As the policy was issued to the Department of Public Safety and not to Mr. Anderson, appellant argues, Mr. Anderson was not "... any insured named in the policy ..." Consequently, the waiver executed by him was invalid.
*466 When a state agency, corporation or similar entity is insured and wishes to waive uninsured motorist protection, an authorized representative can execute the waiver form. See Johnson v. Ortego, 408 So.2d 397 (La.App. 1st Cir.1981, where a vice president of administration executed the waiver for McNair Transport, Inc., and Jordan v. Honea, 407 So.2d 503 (La.App. 1st Cir.1981), writs denied at 409 So.2d 654, where the waiver was signed by a person identified as "... an official of Browning-Ferris, the insured ..."
From Johnson:
"The endorsement rejecting the uninsured motorist coverage is a part of the policy and appears to be a considered waiver of uninsured motorist coverage, under-insured motorist coverage and the option to select lower limits. There is no question of their knowledge and affirmative action regarding the options ..."
Here, too, the waiver was "considered", i.e., with the knowledge and consent of the insured (Department of Public Safety).
The Department of Property and Casualty Insurance was established by statute within the Division of Administration approximately 40 years ago to determine the insurance needs of all but a few of the state's budget agencies. Pertinent testimony regarding Mr. Anderson's authority to waive uninsured motorist coverage and the Department of Public Safety's awareness of and consent to the waiver was provided by James Ray Nelson, the Travelers agent who placed the coverage; Joe A. Terrell, former Deputy Commissioner of Administration; Howard Elliott, attorney for the Department of Public Safety; and Mr. Anderson himself.
Their uncontroverted testimony indicated that while Mr. Anderson did not have written or formal authorization from the Department of Public Safety, all of the Department's insurance policies, including endorsements, were negotiated and purchased through his office and that Mr. Anderson annually signed waiver forms. Mr. Anderson discussed the Department's insurance needs with Mr. Elliott, then negotiated and purchased policies agreed on and approved by everyone concerned.
Mr. Elliott, the Department of Public Safety's general counsel since 1974, stated that he would discuss insurance requirements with the heads of the Department and convey their sentiments to Mr. Anderson. Mr. Elliott was asked:
"Did you relate to Mr. Anderson an approval on behalf of the Department of Public Safety of the rejection of uninsured motorist coverage?
He answered: "Yes."
Mr. Anderson, employed by the Division of Administration for the past 17 years, explained that his job was to "... determine the insurance needs of the State, acquire the insurance through the bid process... I think the best way to describe it, I was the local agent for the state budget agencies. I was their insurance man."
Appellant relies on Landry v. GEICO, 390 So.2d 1385 (La.App. 3rd Cir.1980), arguing that the instant facts and circumstances are "closely analogous" to those in Landry.
In this case, the Calcasieu Parish Policy Jury rejected uninsured motorist coverage for 1966-68, 1970 and 1975, while the sued-on accident occurred in 1973. The Third Circuit said that "... an express written rejection of uninsured motorist coverage was required ...". As the insurance policy in effect in 1973 did not have attached to it such a rejection, the court said the police jury had uninsured motorist protection. These facts are not synonymous with those now before us.
Appellee, on the other hand, cites various statutes and also LSA-C.C. arts. 2985, 2992 and 3000, under Title XVOf Mandate.
Art. 2985 states that a mandate "... is an act by which person gives power to another to transact for him and in his name, one or several affairs." Art. 2992 says that while powers of attorney can be *467 bestowed in writing, they "... may also be given verbally ..."
Art. 3000 reads:
"Powers granted to persons, who exercise a profession, or fulfill certain functions, or doing any business in the ordinary course of affairs to which they are devoted, need not be specified, but are inferred from the functions which these mandataries exercise."
No doubt the trial judge discounted Landry v. GEICO, supra, and instead decided that Arts. 2985, 2992 and 3000 were applicable, finding that in the exercise of Mr. Anderson's functions and in the carrying out of his responsibilities in the ordinary course of affairs to which he and his office were dedicated, he was the proper person to execute uninsured motorist waivers for the Department of Public Safety. The record supports this finding and we cannot set it aside.
Finally, we note that the Department of Public Safety is not suggesting either that it had uninsured motorist coverage or that Mr. Anderson lacked authority to sign the waivers. The obvious intent of the Department was to waive uninsured motorist coverage, which Mr. Anderson effectively did by yearly executing the waiver forms. There was a distinct agreement between the Department of Public Safety and Travelers whereby the Department would not have uninsured motorist coverage and the insurance company would not receive an appropriate premium. The judgment of the district court, which we affirm, recognized this agreement. Appellant is to bear all costs.
AFFIRMED.