PRESTON H. HUFFT, Judge Pro Tem.
On February 2, 1976, Allstate Insurance Company (hereinafter “Allstate”) issued an automobile insurance policy to Peggy J. Mullen, with liability limits of $50,000 per person and $100,000 per accident and uninsured and/or under insured motorist coverage of $5,000 per person and $10,000 per occurrence. On February 2, Ms. Mullen completed the application for insurance and the uninsured and/or under insured selection form and she was given carbon copies of the two documents. The original documents were forwarded to the Allstate Regional Office in Jackson, Mississippi. The information contained in the application form was transferred to computer records and the form retained in Ms. Mullen’s file. The original selection form for uninsured and/or under insured motorist coverage was kept in a separate file at the regional headquarters. The insuring agreements (policy jacket and pre-printed booklet) were *1163 mailed from Jackson, Mississippi to Ms. Mullen along with a copy of the policy declaration sheet. The selection form for uninsured and/or under insured motorist coverage was never physically made a part of the policy.
On July 19, 1983, an accident occurred between a vehicle owned and operated by Nathan Sauro (insured by State Farm Insurance Co.) and Ms. Mullen’s vehicle. Plaintiffs-appellees, Mr. and Mrs. Krantz, were riding as guest passengers in Ms. Mullen’s vehicle. There were insufficient funds to compensate plaintiffs-appellees for their damages, as State Farm provided a policy to Mr. Sauro with limits of $25,-000/50,000. Consequently, Mr. and Mrs. Krantz filed suit against Allstate as the under insured motorist insurer of the Mullen vehicle. The plaintiffs-appellees have alleged that the selection of limits form signed by Ms. Mullen was invalid because it was not physically made a part of the policy and thereby voided Ms. Mullen’s written selection of uninsured and/or under insured motorist limits lower than the liability limits of $50,000/100,000.
Both parties filed Motions for Partial Summary Judgment seeking a determination of the amount of the coverage. The trial court rendered a partial summary judgment in favor of plaintiffs-appellees. The trial court based its decision on Supreme Court decisions and this court’s decision in the case of Sentilles v. State Farm Mut. Auto Ins. Co., 443 So.2d 723 (La.App. 4th Cir.1983). Accordingly, the trial court found that Allstate’s limits for under insured motorist coverage was $50,000/100,-000. From that decision, Allstate appeals. We affirm.
Uninsured motorist coverage is determined by the provisions of the contract as well as by statutes. In the absence of a specific rule, general insurance law governs. A.I.U. Insurance Co. v. Roberts, 404 So.2d 948 (La.1981). A general provision of Louisiana’s Insurance Code, La.R.S. 22:628, provides in part:
No agreement in conflict with, modifying, or extending coverage of any contract of insurance shall be valid unless it is in writing and physically made a part of the policy or other written evidence of insurance, or it is incorporated in the policy or other written evidence of insurance by specific reference to another policy or written evidence of insurance. (Emphasis added.)
This provision was in effect at the time Ms. Mullen’s policy was issued (February 2, 1976). It clearly and unambiguously provides that any modification of the coverage of insurance, such as the selection of uninsured motorist coverages which are lower than the liability limits, must be physically made a part of the policy.
Prior to 1977, and at the time when Ms. Mullen signed the uninsured motorist selection forms, La.R.S. 22:1406(D)(l)(a) did not specifically require selection of limits to be in writing and/or physically attached to the policy. However, the writing and attachment requirements of La.R.S. 22:628 were held applicable to La.R.S. 22:1406 in A.I.U. Insurance Co. v. Roberts, supra. Following a thorough analysis of the history of La.R.S. 22:1406(D), our Supreme Court in A.I.U. Insurance Co. v. Roberts, supra, declared:
“[Cjlearly, prior to Sept. 9, 1977, the effective date of Act 438 of 1977, any selection of limits, to be valid, had to be in writing and attached to the policy. Id. at 952.”
In the case of Sentilles v. State Farm Mut. Auto. Ins. Co., supra, the same versions of La.R.S. 22:1406(D) and La.R.S. 22:628 were in effect as were in effect when Ms. Mullen signed the selection forms. In Sentilles, this court found that “the versions of R.S. 22:1406(D) and 22:628 in effect when plaintiff signed the U.M. selection forms in 1976 mandated the attachment of such written waivers or selection forms to the insured’s policy. ” Id. at 726. (Emphasis added).
Allstate urges that the instant case is distinguishable from Sentilles in that a carbon copy of the selection form was given to Ms. Mullen at the time of the execution of the form whereas in Sentilles no carbon of *1164 the form was ever delivered to the insured. However, the delivery of a carbon copy of the selection form to Ms. Mullen on February 2, 1976 did not in any way comply with the “physically made a part of the policy” requirements of RS. 22:628.
Accordingly, the uninsured motorist rejection form signed by Ms. Mullen on February 2, 1976 is of no force and effect because it was not “physically made a part of the policy” as specifically and unequivocally required by R.S. 22:628. Because the uninsured motorist rejection form signed by the insured is invalid, the policy issued to the insured must be conformed to provide uninsured and/or under insured motorist coverages in the same amount as liability coverage, specifically, $50,-000/100,000.
Defendant-appellant further argues that the 1977 amendment (Act 438 of 1977) to La.R.S. 22:1406, which specifically does not require physical attachment of the selection form to the policy, has retroactive application. On the contrary, the provisions of La.R.S. 22:1406 have been held to be substantive and not procedural and therefore not retroactive. LeBoyd v. Louisiana Transit Co., 375 So.2d 749 (La.App. 4th Cir.1979). Furthermore, this court in Sentilles stated as follows:
“We do not construe the amendment as an effort to resuscitate a waiver that was void ab initio when the waiver was signed. If, as State Farm urges, the policies in effect when the accident occurred were either renewals of/or substitutes for the prior policies which admittedly provided for U.M. limits equal to the liability limits, there would be no ‘carryover’ effect from the previously invalid waivers. Likewise, if the current policies are viewed as entirely new contracts, the U.M. limits would equal the liability coverage because the insured did not sign any additional selection forms applicable to the new policies. Id. at 727.”
In Stroud v. Liberty Mutual Ins. Co., 429 So.2d 492 (La.App. 3rd Cir.1983), which refused to apply the 1977 Amendment to R.S. 22:1406(D) retroactively, we find the following at page 496:
“We agree with the plaintiff. This issue was squarely confronted in Jordan v. Honea, 407 So.2d 503 (La.App. 1st Cir.1981), where the Court stated:
‘The version of LSA-R.S. 22:1406(D) which was in effect earlier contained no formal requirements for rejection. Hence, prior to September 9, 1977, the effective date of Act No. 438 of 1977, which amended LSA-R.S. 22:1406(D), rejection of UM coverage had to be in writing and physically attached to the policy, as was provided in the general requirements of R.S. 22:628.’
Furthermore, that case held that a written rejection submitted prior to the issuance of the policy on September 30, 1976, which was almost identical to the one in the case at hand, was ineffective as a rejection of uninsured motorist coverage, since such rejection was not attached to the policy.
The letter rejecting uninsured motorist coverage in the case at bar was written a long time prior to the effective date of Act 438 of 1977. It was never effective as a rejection of uninsured motorist coverage on the policy originally issued to John Morrell Company since it was never attached to such previous policy. It-is thereby ineffective to constitute a rejection of uninsured motorist coverage in the policy in question, as well.”
Accordingly, the 1977 amendment to R.S. 22:1406(D) does not apply retroactively to resuscitate Ms. Mullen’s invalid selection of limits form.
For the above and foregoing reasons, the judgment of the trial court declaring that the under insured motorist coverage at the time of the accident was in the amount of $50,000 per person and $100,000 per occurrence is affirmed.
AFFIRMED.
WILLIAMS, J„ dissents.