514 So.2d 469 (1987)
Kerry RANDAZZO and Pacific Marine Insurance Company (Intervenor), Plaintiff-Appellee (Pacific), Plaintiff-Appellant (Randazzo),
v.
Joseph SEGURA, Twin City Fire Insurance Company, United States Fidelity & Guaranty Company, Highlands Insurance Company, Louisiana Insurance Guaranty Association, Howard Trucking Company, Inc., Allstate Insurance Company, Boom, Inc., and Transit Casualty Company, Defendants-Appellees.
No. 86-693.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1987.
On Rehearing September 18, 1987.
J.B. Jones, Jr., of Jones, Jones and Alexander, Cameron, for plaintiff-appellant.
Preis, Kraft and Laborde, Gregory Laborde, Norman P. Foret, of McBride and Foret, V. Farley Sonnier, and Phillip A. Fontenot, Richard J. Petre, of Onebane and Assoc., Lafayette, Henry G. Terhoeve, of Mathews and Atkinson, Baton Rouge, Haik and Minvielee, William Comeaux, New Iberia, Candice Hattan, of Roy and Hattan, Lafayette, Barbara Ann Richardson, Metarie, for defendants-appellees.
Before GUIDRY, STOKER and DOUCET, JJ.
DOUCET, Judge.
This suit involves a claim for damages arising from injuries suffered as a result of a two-car collision which occurred on June 16, 1984 in the early morning hours. The facts show that plaintiff was driving a company car owned by his employer, Hornback Caliper and Specialty Company, Inc. (Hornback) and that while on his way to work, he was hit head-on by Joseph A. Segura, an underinsured motorist.
Following the accident, Plaintiff filed suit against Segura and his employer, Howard Trucking Company. Many various insurers of Segura and Howard were later made defendants.
Settlement was reached by plaintiff with various underlying insurers who provided limits of $699,500.00 coverage for (1) Segura and/or Howard, and (2) uninsured motorist primary insurance on the vehicle owned by Hornback. Highlands Insurance Company provided for Hornback an umbrella liability policy. Highlands was therefore brought in by plaintiff as excess uninsured motorist carrier on the Hornback vehicle.
Highlands filed a motion for summary judgment claiming its policy contained an uninsured motorist rejection endorsement. The District Court sustained Highlands' motion for summary judgment and signed a judgment accordingly. It is from this judgment that plaintiff appeals.
*470 Plaintiff, on appeal contends that the "Trial court erred in holding Hornback validly elected to reject UM coverage." Plaintiff supports the above contention by claiming that the rejection document was never validly signed because Ted Hornback signed the document in an individual capacity and not in his capacity as officer of the corporation and that Hornback Caliper and Specialty Company, Inc. never granted Ted Hornback, the corporation's president and majority stockholder, authority to sign the document rejecting excess uninsured motorist coverage. We disagree.
La.R.S. 22:1406(D)(1)(a) requires that a rejection of uninsured motorist coverage be accompanied by a document signed by the named insured or the insured's legal representative. The named insured on the Highlands Insurance Company excess policy is Hornback Caliper and Specialty Company, Inc. and Ted Hornback, individually. The rejection document was signed by Ted Hornback. Directly below Mr. Hornback's name is the word "Officer" and directly below that is the word "President"[1]. Thus, considering the contents of the endorsement, we find that Ted Hornback's signature was sufficient to reject uninsured motorist coverage on behalf of the corporation as well as on his personal behalf. Plaintiff's argument that Mr. Hornback signed in an individual capacity is tenuous at best. Moreover, plaintiff's argument that the rejection is invalid since Hornback Caliper and Specialty Company, Inc. never granted Ted Hornback the authority to sign the document rejecting excess uninsured motorist coverage by passing a corporate resolution granting same, is without merit.
It is true that there was no resolution of the directors of the corporation authorizing Ted Hornback to reject uninsured motorist coverage. It is also true that normally such a resolution is required in order for the officer to bind the corporation. However, we think the instant situation can be distinguished by the fact that all three stockholders, who were the only directors of the corporation, were present at the meeting when Ted Hornback signed the rejection form. All three of the stockholders discussed the needs of the corporation and concluded that the excess uninsured motorist coverage was unnecessary and that they did not want to pay the higher premiums of the excess coverage. We cannot see why such a rejection could not be made by the principal stockholder and president of the corporation when all of the shareholders were present at the meeting with the insurance agent and acquiesced in the rejection.[2] Even though the corporation did not pass a resolution for Mr. Hornback to reject the coverage, when a corporation is insured and wishes to reject uninsured motorist coverage, an authorized agent may execute the rejection form. Rainey v. Gerarve, 461 So.2d 464 (La.App. 5th Cir.1984); Johnson v. Ortego, 408 So.2d 397 (La.App. 1st Cir.1981); Jordan v. Honea, 407 So.2d 503 (La.App. 1st Cir. 1981). We find that Mr. Hornback, as President, was an agent for the corporation and therefore could sign on behalf of the corporation and effectively reject the coverage. Moreover, we find that Mr. Hornback was clothed with the apparent authority to bind the corporation. As in this case, a president of a corporation is often clothed with apparent authority to transact a corporation's business. In the instant situation, all three of the stockholders were present when the rejection form was signed. Additionally, Mr. Hornback, the principal stockholder and president of the corporation, was the one signing the document. Moreover, Hornback Caliper and Specialty Company, Inc. always transacted its business through Mr. Hornback. We therefore find that it was not unreasonable *471 for Highlands Insurance Company to assume that Mr. Hornback had authority to reject coverage. Highlands Insurance Company cannot be made to suffer because the corporation clothed Mr. Hornback with apparent authority to transact its business. As such, we find plaintiff's contentions without merit.
Accordingly, for the foregoing reasons, we affirm the judgment of the trial court. All costs are to be borne by plaintiff-appellant.
AFFIRMED.
GUIDRY, J., concurs in the result.

*472 ON APPLICATION FOR REHEARING
PER CURIAM.
REHEARING GRANTED: After due consideration of Mr. Randazzo's application for rehearing and considering all of the other facets of the case which were before us, we have arrived at the conclusion that we erred in dismissing Highlands Insurance Company from the litigation on the motion for summary judgment. Highlands Insurance Company claims that it was not liable to plaintiff because plaintiff validly rejected uninsured motorists coverage. However, the document rejecting the uninsured motorists coverage was not signed until after the accident giving rise to this suit. As such, on the date of the accident, the rejection of excess uninsured motorists coverage was not in effect.
Accordingly, we reverse our original finding and reverse the ruling of the trial court which had granted the motion for summary judgment in favor of Highlands Insurance Company and remand for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] For the purpose of clarity, we annex to this opinion a copy of the document signed by Ted Hornback.
[2] See Hotard v. Fleitas, Inc., 67 So.2d 345 (La. App. Orleans, 1953) for nearly identical factual situation wherein the court of appeal held that the president bound the corporation.